**Opinion filed January 16, 2020**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-19-00261-CR & 11-19-00262-CR

_____

### GABRIEL AARON ORONA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. D-17-1876-CR & D-17-1877-CR**

---

## MEMORANDUM OPINION

Appellant, Gabriel Aaron Orona, originally pleaded guilty to the second-degree felony offenses of aggravated assault with a deadly weapon. Pursuant to the terms of the plea agreements, the trial court deferred a finding of guilt in each case, placed Appellant on community supervision for five years, and assessed a fine of $500 in each cause. The State filed a motion to adjudicate Appellant's guilt in each cause. Appellant initially pleaded not true to all of the State's allegations, and the trial court conducted an evidentiary hearing. After the State rested and closed its

case, Appellant changed his plea from "not true" to "true" with respect to three of the allegations in each cause. The trial court found all of the State's allegations to be true; revoked Appellant's community supervision; adjudicated him guilty of the charged offenses; assessed his punishment in each cause at confinement for twenty years, to run concurrently, and a fine of $500; and imposed previously entered restitution, fees, and costs. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in each cause. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that there are no arguable issues for appeal. In each cause, counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the records and file a response to counsel's briefs. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the records, we agree with counsel that no arguable grounds for appeal exist.[1]

The motions to withdraw are granted, and the judgments of the trial court are affirmed.

PER CURIAM

January 16, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.